**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 1 5 2016

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

## UNITED STATES DISTRICTCOURT
## EASTERN DISTRICT OF ARKANSAS

**GRAYSON BLAKE**                                                      **PLAINTIFF**

**V.**                          CASE NO. 3:16cv178 - BSM

**JERROD L. SLAYTON,**                                                 **DEFENDANT**
**ATTORNEY AT LAW**

### COMPLAINT

Comes now the Plaintiff, Grayson Blake (hereinafter "Blake"), by and through his attorneys, Leigh Law, PLLC, and for his Complaint against Defendant Jerrod L. Slayton (hereinafter "Slayton"), and respectfully states as follows:

### INTRODUCTION

Plaintiff brings this Complaint seeking statutory and actual damages, as well as attorney fees and costs, for multiple violations of the *Fair Debt Collection Practices Act (hereafter "FDCPA") § 15 U.S.C. 1692 et seq.,* and the *Arkansas Fair Debt Collection Practices Act (hereafter "AFDCPA") § 17-24-101 et seq.*

### JURISDICTION AND VENUE

1.      Jurisdiction in conferred on this Court pursuant to *15 U.S.C. § 1692k(d) & A.C.A. § 17-24-512(d).*

2.      Venue is proper as all alleged conduct took place while the Blake was residing in Jonesboro, Arkansas.

This case assigned to District Judge Miller
and to Magistrate Judge Kearney

## PARTIES

3.      Blake is an individual, natural person, and a consumer, residing in Jonesboro, Arkansas and was an "individual." "natural person,, and a "consumer" at all times as alleged in this Complaint.[1]

4.      Slayton is a licensed attorney in the state of Arkansas, with a principal place of business located at 218 West Washington, Jonesboro, Arkansas, 72401, and is a "debt collector", in so far as debt collector is defined pursuant to *15 U.S.C. § 1692a(6)* and *A.C.A. § 17-24-502(5)(A).*[2]

## RELEVANT PRECEDENT AND STATUTORY STRUCTURE OF THE FDCPA AND THE AFDCPA

5.      Blake incorporates by reference and re-alleges paragraphs (1) through (4).

6.      The FDCPA is a broad remedial statute that imposes *strict liability* on debt collectors; its terms are to be applied "in a liberal manner." Picht v. Hawks, 77 F.Supp.2d 1041, 1043 (D.Minn.1999), aff'd, 236 F.3d 446 (8th Cir.2001).[3]

7.      Whether conduct violates the FDCPA is to be determined by analyzing the conduct from the perspective of the least sophisticated consumer. Freyermuth v. Credit Bureau Servs., Inc., 248 F.3d 767, 771 (8th Cir. 2001)(quoting, Duffy v. Landberg, 215 F.3d 871, 873 (8th Cir. 2000).

---

[1] Pursuant to *15 U.S.C. § 1692(a)(3) & A.C.A. § 17-24-502(2)*, a "consumer" means any natural person obligated or allegedly obligated to pay any debt.

[2] A "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. *15 U.S.C. §1692a(6) & A.C.A. § 17-24-502(5)(A).*

See also, Heinz v. Jenkins, (94-367), 514 U.S. 291 (1995)("The Act [FDCPA] does apply to lawyers engaged in litigation.))

[3] *A.C.A § 17-24-512(a)(1)*

8.     A debt collector who misrepresents the character, amount, or legal status of any debt violates the FDCPA. *15 U.S.C. § 1692e(2)(A) & A.C.A. § 17-24-506(a).*

9.     A debt collector who attempts to collect a fee not expressly authorized by the agreement creating the debt or permitted by law violates the FDCPA. *15 U.S.C. § 1692f(1) & A.C.A. § 17-24-107(a)(b)(1).*

10.    A debt collector violates *15 U.S.C. § 1692e(11) & A.C.A. § 17-24-506(a)(b)(11)(B)* when its subsequent communications to the consumer, after its initial communication, fails to disclose to the consumer that the communication is from a debt collector.

11.    Debt collectors may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. *15 U.S.C. § 1692e & A.C.A. § 17-24-506(a).*

12.    A debt collector is not allowed to use any unfair or unconscionable means in the connection with the collection of any debt. *15 U.S.C. § 1692f & A.C.A. § 17-24-507(a).*

13.    *15 U.S.C. § 1692g (a)(1)-(5) & A.C.A. § 17-24-508(a)(1)-(5)* states the following:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector **shall** [emphasis added], unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
>
> (1) the amount of the debt;
>
> (2) the name of the **creditor** [emphasis added] to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector **in writing** [emphasis added][4] within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

14.     Any collection activities and communication during the 30-day period [validation] may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor. *15 U.S.C. § 1692g (b).*

15.     The bona fide error defense is limited to clerical errors only. Picht v. Jon R. Hawks, Ltd., 236 F.3d 446, 451 (8th Cir. 2001).

16.     A debt collector's misunderstanding as to its legal requirements under the Act is not entitled to the bona fide error defense. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulnch LPA, *Supreme Court of the United States*, No. 08-1200, 130, 1605; 176 L Ed. 2D 519; 2010 Lexis 3480 (April 21, 2010)("This case presents the question whether the "bona fide error" defense applies to a violation resulting from a debt collector's mistaken interpretation of the legal requirements of the FDCPA. "[W]e conclude it does not.").

## **FACTS COMMON TO ALL COUNTS**

17.     Blake incorporates by reference and re-alleges paragraphs (1) through (16).

18.     On the date of May 24, 2016, Blake received a debt collection letter from Slayton which constituted an initial communication under the FDCPA and AFDCPA (*See Exhibit "A" attached hereto and incorporated by reference*).

---

[4] Owens v. Hellmuth & Johnson, PLLC, 550 F. Supp. 2d 1060 - Dist. Court, Minnesota 2008; Peak v. Southern & Allen, Dist. Court, ED Arkansas 2010;

19.      Slayton's letter did not state to Blake who Slayton was alleging was the original creditor, only who Slayton's "client" was.

20.      Slayton's letter alleged Blake owed $50.00 to Slayton's client "NEA Baptist Clinic (EPIC)."

21.      Slayton's letter to Blake did not contain a statement that if the consumer [Blake] notifies the debt collector [Slayton] **in writing** [emphasis added] within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

22.      On the date of June 17, 2016, Slayton filed a lawsuit against Blake, in the District Court of Craighead County, Arkansas, case # 16-380, captioned, NEA Baptist Clinic (EPIC) v. Grayson Blake.

23.      Slayton's demand in the Complaint was for a debt(s) allegedly owed to NEA Baptist Clinic (EPIC) in the amount of $185.90, Court fees of $80.00, Service Fees of $13.00, and Slayton's Attorney Fees in the amount of $18.59, for a total amount allegedly owed by Blake in the amount of $297.49 (*See. Exhibit "B" attached hereto and incorporated by reference*).

24.      On the date of June 23, 2016, Blake signed for a certified mailing from Slayton.

25.      Slayton's mailing to Blake advised Blake via a letter date June 21, 2016, that a lawsuit had been filed against Blake, along with the Summons and Complaint

26.      Although Blake still had six days from the date of Slayton's letter dated June 21, 2016, and three days from the receipt of Slayton's letter to timely demand validation of the alleged debt, Slayton's letter made no reference to Blake's validation rights, instead Slayton's letter overshadowed Blake's rights, by turning the focus to the lawsuit and what Blake needed to

do to avoid a default, along with what Blake should do if he would rather resolve the case instead of filing an answer.[5]

27.     Nowhere in Slayton's letter did he advise Blake or even indirectly imply that Blake could still demand validation and such demand would require Slayton to suspend his collection efforts and stay the case until validation was provided to Blake.

28.     In addition to overshadowing Blake's validation rights, Slayton stated in his communication, "You [Blake] have 30 days from the receipt of this letter to obtain an attorney and file an answer.  Otherwise, the Complaint will be granted as set out therein."

29.     Slayton's letter did not contain the mandatory disclosure that the letter was from a debt collector, and Slayton's letter to Blake was not a "legal pleading" exempt from said disclosure.

30.     Blake's wife is currently being treated for breast cancer and Blake had just arrived from Memphis, Tennessee, when he was served via Slayton's certified mailing.

31.     Blake experienced shock, anger, stress, emotional distress, anxiety, fear, and embarrassment upon receiving Slayton's certified mailing.

32.     Upon reading Slayton's letter, Blake became further stressed as he knew he did not have the money to hire an attorney to represent him against a lawsuit for less than $300.00; he assumed the Complaint would be granted since he could not afford an attorney and all his money was going to cancer treatments for his wife, Misty.

## COUNT 1: VIOLATIONS OF THE FDCPA

33.     Blake incorporates by reference and re-alleges paragraphs (1) through (32).

---

[5] This Court has previously held that in cases regarding abusive debt collection letters, the date of the violation of the FDCPA occurs on the date the letter that allegedly does not comply with the FDCPA's requirements is sent to the debtor. See Mattson v. U.S. West Communications, Inc., 967 F.2d 259, 261 (8th Cir.1997).

34.     Slayton's initial communication to Blake that did not clearly state the creditor, using the least sophisticated consumer standard, violated the FDCPA, specifically, 15 U.S.C. §§ 1692g(a)(2) & 1692f. [6]

35.     Slayton's initial communication to Blake failed to properly give Blake his 1692g debt validation notice; specifically, failing to inform Blake he must demand validation in writing, violated the FDCPA, 15 U.S.C. §§1692g(a)(4) & 1692f.

36.     Slayton's lawsuit against Blake, in which he alleged Blake owed the principal amount of $185.90 violated the FDCPA, specifically, 15 U.S.C. § § 1692e(2)(A) & 1692(f), as less than 30 days prior Slayton had stated to Blake that he owed a principal amount of only $50.00.

37.     Slayton's demand for attorney's fees in the amount of $18.59 violates the FDCPA, specifically, 15 U.S.C. § 1692f(1), as nothing that Slayton attached to his Complaint affirmatively shows that any alleged Blake entered into with Slayton's client expressly authorizes Slayton to seek attorneys fees against Blake.[7]

38.     Slayton's follow-up letter which he enclosed with his lawsuit, dated June 21, 2016, violated the FDCPA, specifically, 15 U.S.C. § 1692g (b), as the letter overshadowed Blake's validation rights. Slayton's letter shifted the focus to the recently filed lawsuit and asked that Blake contact him within the 30-day answer period to resolve the matter, but failed to inform Blake he still had time remaining within the 30-day validation period to exercise his validation rights, which would have caused Slayton to suspend the lawsuit until validation was provided to Blake. Furthermore, Slayton's letter contained a section written in all capitalization, bold, and

---

[6] A court evaluating debt collection letters must view them "through the eyes of the unsophisticated consumer." Duffy v. Landberg, 215 F.3d 871, 873 (8th Cir.2000).

[7] It is noteworthy that Slayton's Complaint does not comply with the strict pleading requirements under the Arkansas Rules of Civil Procedure, Rule 10(d).

underlined, that focused on what Blake needed to do in response to the lawsuit, further overshadowing Blake's validation rights

39.     Slayton's letter dated June 21, 2016, further violated the FDCPA, specifically, *15 U.S.C. § 1692e*, as Slayton advised Blake:

> "You have 30 days from the receipt of this letter to obtain an attorney and file an answer if you wish to contest this action. Otherwise, the Complaint will be granted as set out therein."

Blake was not required to obtain an attorney if he wished to contest the action.  Blake had/has the absolute right to proceed *pro-se*, especially against an action where the demand was less than $300.00 and was filed in small claims court.

40.     Slayton's letter dated June 21, 2016, further violated *15 U.S.C. § 1692e*, as it is a false and misleading statement that if Blake does not obtain an attorney and answer the Complaint **will be** [emphasis added] granted as set out therein.  The Complaint being granted if Blake did not answer is certainly one scenario, but it is in no way exactly what will happen, as Slayton's letter states.  Slayton would have to file a motion for a default judgment, then assuming the default was granted, there would still be no guarantee the Court would grant the relief exactly as stated in Slayton's Complaint.

41.     Slayton's letter dated June 21, 2016, further violated *15 U.S.C. § 1692e*, as it is a false and misleading statement that Slayton's letter is Blake's "official notification of the lawsuit." Blake's official notification of the lawsuit is the summons issued by the court clerk, not a letter that Slayton sends that is full of material misrepresentations.

42.     Slayton's letter dated June 21, 2016, violated the FDCPA, specifically, *15 U.S.C. § 1692e(11)*, as Slayton's letter did not contain the mandatory disclosure that the communication to Blake was from a debt collector attempting to collect a debt.

## COUNT II: VIOLATIONS OF THE AFDCPA

43.     Blake incorporates by reference and re-alleges paragraphs (1) through (42).

44.     As the AFDCPA mirrors the FDCPA. Slayton's violations of the FDCPA are per se violations of the AFDCPA, specifically, violations of A.C.A. 2010 §§§§ *17-24-506(a), 17-24-107(a)(b)(1), 17-24-508(a)(1)-(5), 17-24-507(a). 17-24-506(a)(b)(11)(B).*

## DAMAGES AND PRAYER FOR RELIEF

45.     Blake incorporates by reference and re-alleges paragraphs (1) through (44).

46.     As it relates to statutory damages under the FDCPA, the Act states, "Any debt collector who fails to comply with any provision of the Act, with respect to any person, is liable to such person for statutory damages up to $1,000.00. *15 U.S.C. 1692k(a)(2).*

47.     Blake prays for statutory damages pursuant to the FDCPA in the amount of $1,000.00.

48.     As it relates to actual damages under the FDCPA, the Act states, "Any debt collector who fails to comply with any provision of the Act, with respect to any person, is liable to such person for actual damages." *15 U.S.C. § 1692k(a)(1).*

49.     Blake prays for the actual damage of emotional distress in an amount proven at trial.[8]

---

[8] "Actual damages include damages for personal humiliation, embarrassment, mental anguish and emotional distress. There is no fixed standard or measure in the case of intangible items such as humiliation, embarrassment, mental anguish or emotional distress. Mental and emotional suffering and distress pass under various names such as mental anguish, nervous shock and the like. It includes all highly unpleasant mental reactions such as fright or grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry and nausea. The law does not set a definite standard by which to calculate compensation for mental and emotional suffering and distress. Neither is there any requirement that any witness express an opinion about the amount of compensation that is appropriate for the kind of law." McCollough v. Johnson, Rodenburg & Lauinger, LLC, ___ F.3d ___, 2011 WL 746892 (9th Cir. 2011). [It is noteworthy The Honorable Sandra Day O'Connor, Associate Justice of the United States Supreme Court (Ret.), was sitting by designation pursuant to 28 U.S.C. § 294(a)]

50.    As it relates to statutory damages under the AFDCPA, the Act states, "Any debt collector who fails to comply with any provision of the Act, with respect to any person, is liable to such person for statutory damages up to $1,000.00." *A.C.A. § 17-24-512(a)(2)(A).*

51.    Blake prays for statutory damages pursuant to the AFDCPA in the amount of $1000.00

52.    Blake prays for a reasonable attorneys fee as determined by the court pursuant to *15 U.S.C. 1692k & A.C.A. § 17-24-512(3)(A).*

53.    Blake prays for any other relief the Court deems just and proper.

54.    Based on information and belief, Blake is not the only consumer victimized by Slayton's numerous illegal debt collection practices, and Blake reserves the right to move for class certification after the close of discovery and per the FRCP.

## JURY TRIAL DEMAND

55.    Blake incorporates by reference and re-alleges paragraphs (1) through (54).

56.    Blake demands trial by jury.


Respectfully submitted,

Leigh Law PLLC
Post Office Box 21514
Little Rock, Arkansas 72221
501.227.7627 office
501.227.7628 fax

By _____
Victoria Leigh ABN: 2011257

Attorney at Law

P.O. BOX 249
JONESBORO, AR. 72403

PLEASE DIRECT ALL CALLS
TO (870) 930-3124

MAY 24 2016

GRAYSON W BLAKE
1216 GREENWOOD ST
JONESBORO, AR 72401

RE: THE BAPTIST CLINIC (EPIC)          50.00
ACCOUNT NUMBER:   2693051

Dear GRAYSON W BLAKE:

This letter is to notify you that I represent the above captioned client
regarding a past due account against you.  For the purpose of this
communication I am acting as a debt collector.
This is my formal demand for payment.
Prompt word from you either by phone or by mail will enable me to assist
you in disposing of this matter quickly.

Please direct full payment to me at P.O. Box 249, Jonesboro, AR. 72403.
Please direct all phone inquiries to (870) 930-3124.

As an attempt to collect a debt any information gained will be used for
that said purpose.  Unless you notify this office within 30 days after
receiving this letter that you dispute the validity of this debt or any
portion thereof, this office will assume this debt is valid.  If you
notify this office within 30 days from receiving this notice this office
will obtain verification of the debt or obtain a copy of a judgment and
mail you a copy of such judgment or verification. If you request this
office in writing within 30 days after receiving this notice this office
will provide you with the name and address of the original creditor if it
is different from the current creditor.

IN THE DISTRICT COURT OF CRAIGHEAD COUNTY, ARKANSAS

_____ DIVISION

NEA BAPTIST CLINIC (EPIC)                                    PLAINTIFF

VS                          NO.   16-380

GRAYSON W BLAKE                                              DEFENDANT


SUMMONS

THE STATE OF ARKANSAS TO DEFENDANT:

GRAYSON W BLAKE
1816 GREENWOOD ST      JONESBORO, AR
XXX-XX-XXXX      OLYMPUS CONSTRUCTION
870-219-1477    XX/XX/1966

A lawsuit has been filed against you. The relief demanded is stated in the
attached complaint. Within 30 days after service of this summons on you
(not counting the day you received it) -- or 60 days if you are incarcerated
in any jail, penitentiary, or other correctional facility in Arkansas -- you
must file with the clerk of this court a written answer to the complaint or a
motion under Rule 12 of the Arkansas Rules of Civil Procedure.

Jerrod L. Slayton
Attorney at Law

The answer or motion must also be served on the plaintiff or plaintiff;s
attorney, whose name and address are: Jerrod L. Slayton    218 W. Washington
Jonesboro, AR 72401

If you fail to respond within the applicable time period, judgment by default
may be entered against you for the relief demanded in the complaint.

                                        CLERK OF COURT

Address of Clerk's Office
410 W. Washington
Jonesboro, AR  72401

                        _____
                        (Signature of Clerk or Deputy Clerk)

                        Date: _____4-7-16_____

(SEAL)


EXHIBIT B

No. _____ This summons is for GRAYSON W BLAKE

### PROOF OF SERVICE

_____ I personally delivered the summons and complaint to the individual at

_____ on _____; or

_____ I left the summons and complaint in the proximity of the individual by

_____after he/she refused to receive it when I offered it

to him/her; or

_____ I left the summons and complaint at the individual's dwelling house or

usual place of abode at _____ with _____,

a person at least 14 years of age who resides there, on _____; or

_____ I delivered the summons and complaint to _____, an agent

authorized by appointment or by law to receive service of summons on

behalf of _____ on _____; or

_____ I am the plaintiff or an attorney of record for the plaintiff in this

lawsuit, and I served the summons and complaint on the defendant by

certified mail, return receipt requested, restricted delivery, as shown

by the attached signed return receipt.

_____ I am the plaintiff or an attorney of record for the plaintiff in this

lawsuit, and I mailed a copy of the summons and complaint by first-class

mail to the defendant together with two copies of a notice and

acknowledgment form within twenty days after the date of mailing.

_____ Other (specify):_____

_____ I was unable to execute service because:_____

_____

My fee is $_____.

TO BE COMPLETED IF SERVICE IS BY A SHERIFF OR DEPUTY SHERIFF:

Date:_____         SHERIFF OF _____ COUNTY, ARKANSAS

                              By:_____
                                   (Signature of server)

                              _____
                              (Printed name, title, and badge number)

To be completed if service is by a person other than a sheriff or depputy sheriff:

Date:_____           BY:  _____
                                   (Signature of server)

                                   _____
                                   (Printed name)

Address:_____

        _____

Phone:_____

Subscribed and sworn to before me this date:_____

                              _____
                              _ Notary Public

My commission expires:_____

Additional information regarding service or attempted service:

_____

_____

IN THE DISTRICT COURT OF CRAIGHEAD COUNTY ARKANSAS, JONESBORO DIVISION

NEA BAPTIST CLINIC (EPIC)                                         PLAINTIFF

   VS                        NO. _____16·380_____

GRAYSON W BLAKE                                                   DEFENDANT

### COMPLAINT

Comes now the Plaintiff, NEA BAPTIST CLINIC (EPIC), and for its claim and cause of action against the defendant, GRAYSON W BLAKE, states and alleges as follows:

1. That defendant, GRAYSON W, BLAKE  is a resident of CRAIGHEAD County, Arkansas.

2. That this Court has jurisdiction over this cause of action and the parties hereto.

3. That on the 4 day of DECEMBER, 2014, the Defendant was indebted to the Plaintiff in the sum of $297.49 upon account, that the account is now past due and unpaid, and that plaintiff is entitled to judgment for such sum together with its costs and Attorney's fees of $ 18.59  herein expended.

4. That demand for payment has been made, and payment has not been forth coming.

5. That a verification of account is hereto attached as Exhibit "A" and an itemized statement of account is hereto, marked as Exhibit "B" and made apart of hereof for all purposes.

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

EXHIBIT B

WHEREFORE, PLAINTIFF, NEA BAPTIST CLINIC (EPIC) prays this Court

for judgment against the Defendant,

GRAYSON W BLAKE in the sum of

$297.49 together with costs, Attorney's fees

of $ 18.59 .


PRINCIPAL AMOUNT OF DEBT.........................$ 185.90

COURT FEES......................................$ 80.00

SERVICE FEES....................................$ 13.00

ATTORNEY FEES...................................$ 18.59

TOTAL...........................................$ 297.49


JERROD L. SLAYTON
ATTORNEY AT LAW
PO BOX 249
JONESBORO, AR 72403
ARK. BAR NO. 2013089
(870) 930-3124

BY: _____
JERROD L. SLAYTON
ATTORNEY FOR PLAINTIFF

VERIFICATION OF ACCOUNT          $2693052$

STATE OF ARKANSAS
COUNTY OF _____          RE: 224620-2579027

          Before me, a Notary Public, in and for said county and state, this

day personally appeared _____ Lisa Mathis _____,
                                (Name of Individual Making Affadavit)
Pt Acct Mgr ____ of NEA BAPTIST CLINIC (EPIC)
   (Title)
hereinafter called "Claimant"; that the said claimant is:

1. Use When Concern          1. A corporation organized and existing
   is a Corporation              under the laws of the
                                 State of _____ .

2. Use When Concern          2. A co-partnership composed of
   is a Partnership             _____ .

3. Use When One Person       3. A sole proprietorship owned by
   owns the Business            _____ .

and that affiant has been duly authorized by claimant to make this

affidavit; that affiant is familar with the books and business of

claimant, and the annexed account in favor of claimant and against

GRAYSON W BLAKE hereinafter called "debtor" showing a balance

due of $185.90 is, within the knowledge of the affiant, just true

and correct, and is due from said debtor to claimant and that all just

and lawful offsets, payments and credits have been allowed.

                                   _____
                                   (PERSON MAKING AFFIDAVIT SIGN HERE)

PLEASE SEND ITEMIZED STATEMENT

SUBSCRIBED and sworn to before me this ____ day of _____,
2016

                                   _____
                                   (NOTARY PUBLIC)

COMMISSION EXPIRES:

LIST OF ACCOUNT (S) NUMBERS FOR LEGAL

1. 224620 - 2579027     BALANCE: $ 50.00

2. 224620 - 2972565     BALANCE: $ 10.87

3. 224620 -2972566     BALANCE: $ 50.00

4. 224620 - 2972567     BALANCE: $ 25.03

5. 224620 -4979371     BALANCE: $ 50.00

6. _____     BALANCE: _____

7. _____     BALANCE: _____

8. _____     BALANCE: _____

9. _____     BALANCE: _____

10. _____     BALANCE: _____

06/23/16   04:06PM   SOUTHERN MANAGEMENT   RECEIVED 06/23/2016 16:10   8709310001   p.10

Transaction History - BLAKE,GRAYSON W [22-1620]                    Page 1 of 1

**Distribution/Undistribution History**

| Date | Act / Module / Inv | Tx / Svc Date | Procedure / User / Batch / Payor | Original | Applied |
|------|--------------------|---------------|----------------------------------|----------|---------|
| 9/24/14 | Post | 23 | Ⓒ 99213 (CPT®)-PR OFFICE/OUTPT VISIT,EST,LEVL III | | 89.00 |
| | | 9/18/14 | N100421-MORENO, ELENA 296884 | | |
| 10/29/14 | Match Pmt Post E605526520 | 27 10/21/14 | Ⓟ 2000-INSURANCE PAYMENT (INSURANCE) N100634-WILLIS, NACOLE 2134412 UNITED HEALTHCARE | 9.31 | -9.31 |
| 10/29/14 | Match Pmt Post E605526520 | 28 10/21/14 | Ⓐ 3000-CONTRACTUAL WRITE-OFF (INSURANCE) N100634-WILLIS, NACOLE 2134412 UNITED HEALTHCARE | 29.69 | -29.69 |
| 6/3/15 | Match PB EXTR FW E605526520 | 51 6/3/15 | Ⓐ 7150-TERMINAL BAD DEBT WRITE-OFF (ACCOUNT) PBNIGHTP-PB, SYSTEM NIGHTLY PROCESSOR 2349834 | 50.00 | -50.00 |
| 6/8/15 | Unmatch PB EXTR FW | 51 6/3/15 | 7150-TERMINAL BAD DEBT WRITE-OFF (ACCOUNT) PBNIGHTP-PB, SYSTEM NIGHTLY PROCESSOR 2354141 | 50.00 | 50.00 |
| 6/10/15 | Match PB EXTR FW E605526520 | 51 6/10/15 | Ⓐ 7150-TERMINAL BAD DEBT WRITE-OFF (ACCOUNT) PBNIGHTP-PB, SYSTEM NIGHTLY PROCESSOR 2357968 | 50.00 | -50.00 |
| | | | | Balance: | 0.00 |

**NEA Baptist Clinic**
P. O. Box 1282
Memphis, TN 38101

Professional Billing                                  5/20/2016 9:19:38 AM

Transaction History - BLAKE,GRAYSON W [224620]                                Page 1 of 1

**Distribution/Undistribution History**

| Date | Act / Module / Inv | Tx / Svc Date | Procedure / User / Batch / Payor | Original | Applied |
|------|--------|--------|--------|------|------|
| 10/7/14 | Post | 24 10/7/14 | Ⓒ J1040-PR METHYLPREDNISOLONE 80 MG INJ N100378-MAJEWSKI, BEATA 2113640 | | 33.04 |
| 11/7/14 | Match Pmt Post E606270820 | 32 11/4/14 | Ⓟ 2000-INSURANCE PAYMENT (INSURANCE) N100634-WILLIS, NACOLE 2144275 UNITED HEALTHCARE | 9.31 | 0.00 |
| 11/7/14 | Match Pmt Post E606270820 | 35 11/4/14 | Ⓐ 3000-CONTRACTUAL WRITE-OFF (INSURANCE) N100634-WILLIS, NACOLE 2144275 UNITED HEALTHCARE | 22.17 | -22.17 |
| 6/3/15 | Match PB EXTR FW E606270820 | 52 6/3/15 | Ⓐ 7150-TERMINAL BAD DEBT WRITE-OFF (ACCOUNT) PBNIGHTP-PB, SYSTEM NIGHTLY PROCESSOR 2349834 | 10.87 | -10.87 |
| 6/8/15 | Unmatch PB EXTR FW | 52 6/3/15 | 7150-TERMINAL BAD DEBT WRITE-OFF (ACCOUNT) PBNIGHTP-PB, SYSTEM NIGHTLY PROCESSOR 2354141 | 10.87 | 10.87 |
| 6/11/15 | Match PB EXTR FW E606270820 | 62 6/11/15 | Ⓐ 7150-TERMINAL BAD DEBT WRITE-OFF (ACCOUNT) PBNIGHTP-PB, SYSTEM NIGHTLY PROCESSOR 2357980 | 10.87 | -10.87 |
| | | | | Balance: | 0.00 |

NEA Baptist Clinic
P. O. Box 1282
Memphis, TN 38101

06/29/16   04:06PM   SOUTHERN MANAGEMENT   RECEIVED 06/29/2016 16:16   8709310001   p.12

Transaction History - BLAKE,GRAYSON W [224620]                                   Page 1 of 1

**Distribution/Undistribution History**

| Date | Act / Module / Inv | Tx / Svc Date | Procedure / User / Batch / Payor | Original | Applied |
|---|---|---|---|---|---|
| 10/7/14 | Post | 26 | C 99213 (CPT®)-PR OFFICE/OUTPT VISIT,EST,LEVL III | | 89.00 |
| | | 10/7/14 | N100378-MAJEWSKI, BEATA | | |
| | | | 2113640 | | |
| 11/7/14 | Match | 32 | P 2000-INSURANCE PAYMENT (INSURANCE) | 9.31 | -9.31 |
| | Pmt Post | 11/4/14 | N100634-WILLIS, NACOLE | | |
| | E606270820 | | 2144275 | | |
| | | | UNITED HEALTHCARE | | |
| 11/7/14 | Match | 33 | A 3000-CONTRACTUAL WRITE-OFF (INSURANCE) | 29.69 | -29.69 |
| | Pmt Post | 11/4/14 | N100634-WILLIS, NACOLE | | |
| | E606270820 | | 2144275 | | |
| | | | UNITED HEALTHCARE | | |
| 6/3/15 | Match | 53 | A 7150-TERMINAL BAD DEBT WRITE-OFF (ACCOUNT) | 50.00 | -50.00 |
| | PB EXTR FW | 6/3/15 | PBNIGHTP-PB, SYSTEM NIGHTLY PROCESSOR | | |
| | E606270820 | | 2349834 | | |
| 6/8/15 | Unmatch | 53 | 7150-TERMINAL BAD DEBT WRITE-OFF (ACCOUNT) | 50.00 | 50.00 |
| | PB EXTR FW | 6/3/15 | PBNIGHTP-PB, SYSTEM NIGHTLY PROCESSOR | | |
| | | | 2354141 | | |
| 6/11/15 | Match | 63 | A 7150-TERMINAL BAD DEBT WRITE-OFF (ACCOUNT) | 50.00 | -50.00 |
| | PB EXTR FW | 6/11/15 | PBNIGHTP-PB, SYSTEM NIGHTLY PROCESSOR | | |
| | E606270820 | | 2357996 | | |
| | | | | Balance: | 0.00 |

NEA Baptist Clinic
P. O. Box 1282
Memphis, TN 38101

Transaction History - BLAKE,GRAYSON W [224620]                                    Page 1 of 1

### Distribution/Undistribution History

| Date | Act / Module / Inv | Tx / Svc Date | Procedure / User / Batch / Payor | Original | Applied |
|---|---|---|---|---|---|
| 10/7/14 | Post | 26 | © 98372 (CPT®)-PR INJECTION,THERAP/PROPH/DIAGNOST, IM OR SUBCUT | | 38.00 |
| | | 10/7/14 | N100378-MAJEWSKI, BEATA 2113840 | | |
| 11/7/14 | Match Pmt Post E606270820 | 32 11/4/14 | Ⓟ 2000-INSURANCE PAYMENT (INSURANCE) N100634-WILLIS, NACOLE 2144275 UNITED HEALTHCARE | 9.31 | 0.00 |
| 11/7/14 | Match Pmt Post E606270820 | 34 11/4/14 | Ⓐ 3000-CONTRACTUAL WRITE-OFF (INSURANCE) N100634-WILLIS, NACOLE 2144275 UNITED HEALTHCARE | 12.97 | -12.97 |
| 6/3/15 | Match PB EXTR FW E606270820 | 54 6/3/15 | Ⓐ 7150-TERMINAL BAD DEBT WRITE-OFF (ACCOUNT) PBNIGHTP-PB_SYSTEM NIGHTLY PROCESSOR 2349834 | 25.03 | -25.03 |
| 6/8/15 | Unmatch PB EXTR FW | 54 6/3/15 | 7150-TERMINAL BAD DEBT WRITE-OFF (ACCOUNT) PBNIGHTP-PB_SYSTEM NIGHTLY PROCESSOR 2354141 | 25.03 | 25.03 |
| 6/11/15 | Match PB EXTR FW E606270820 | 64 6/11/15 | Ⓐ 7150-TERMINAL BAD DEBT WRITE-OFF (ACCOUNT) PBNIGHTP-PB_SYSTEM NIGHTLY PROCESSOR 2357986 | 25.03 | -25.03 |
| | | | | Balance: | 0.00 |

**NEA Baptist Clinic**
P. O. Box 1282
Memphis, TN 38101

06/23/16    04:06PM    SOUTHERN MANAGEMENT    8709310001    RECEIVED 06/23/2016 16:16    p.14

Transaction History - BLAKE,GRAYSON W [224620]                                          Page 1 of 1

**Distribution/Undistribution History**

| Date | Act / Module / Inv | Tx / Svc Date | Procedure / User / Batch / Payor | Original | Applied |
|------|---------------------|---------------|-----------------------------------|----------|---------|
| 12/8/14 | Post | 40 / 12/4/14 | Ⓒ 99213 (CPT®)-PR OFFICE/OUTPT VISIT,EST.LEVL III<br>N100011-ADAMS, JEFFERY<br>2169531 |  | 89.00 |
| 2/4/15 | Match<br>Pmt Post<br>E609858770 | 41 / 12/31/14 | Ⓙ 2000-INSURANCE PAYMENT (INSURANCE)<br>N100634-WILLIS, NACOLE<br>2227099<br>UNITED HEALTHCARE | 9.31 | -9.31 |
| 2/4/15 | Match<br>Pmt Post<br>E609858770 | 42 / 12/31/14 | Ⓐ 3000-CONTRACTUAL WRITE-OFF (INSURANCE)<br>N100634-WILLIS, NACOLE<br>2227099<br>UNITED HEALTHCARE | 29.69 | -29.69 |
| 5/22/15 | Match<br>PB EXTR FW<br>E609858770 | 48 / 5/22/15 | Ⓐ 7150-TERMINAL BAD DEBT WRITE-OFF (ACCOUNT)<br>PBNIGHTP-PB, SYSTEM NIGHTLY PROCESSOR<br>2338754 | 50.00 | -50.00 |
| 5/26/15 | Unmatch<br>PB EXTR FW | 48 / 5/22/15 | 7150-TERMINAL BAD DEBT WRITE-OFF (ACCOUNT)<br>PBNIGHTP-PB, SYSTEM NIGHTLY PROCESSOR<br>2340550 | 50.00 | 50.00 |
| 7/4/15 | Match<br>PB EXTR FW<br>E609858770 | 65 / 7/4/15 | Ⓐ 7150-TERMINAL BAD DEBT WRITE-OFF (ACCOUNT)<br>PBNIGHTP-PB, SYSTEM NIGHTLY PROCESSOR<br>2332141 | 50.00 | -50.00 |
|  |  |  |  | Balance: | 0.00 |

**NEA Baptist Clinic**
P. O. Box 1282
Memphis, TN 38101